## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SONNY JOSEPH PHILLIPS,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) Case No. CIV-21-333-G ) |
| **MICHAEL BONDURANT et al.,** | ) ) |
| **Defendants.** | ) |

## **ORDER**

Plaintiff Sonny Joseph Phillips, a state pretrial detainee appearing pro se, brought this federal civil rights action pursuant to 42 U.S.C. § 1983, identifying twelve defendants. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Gary M. Purcell for initial proceedings.

On April 28, 2021, Judge Purcell entered a Report and Recommendation (Doc. No. 7), in which he recommended that this action be dismissed on screening pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). On May 13, 2021, Petitioner filed a timely Objection to the Report and Recommendation (Doc. No. 10).

Pursuant to governing authority, the Court reviews de novo the portions of the R. & R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

I.      Background

The Report and Recommendation ("R. & R.") accurately summarized the Fourth Amendment claims raised by Plaintiff's Complaint (Doc. No. 1). In the Complaint, Plaintiff claims that his arrest by the defendants in connection with state-court criminal charges constituted an unreasonable search and seizure. *See id.* at 10-19. Plaintiff requests both monetary damages and "immediate release and dismissal of [state criminal] charges" as relief on his § 1983 claims. *See id.* at 15, 19.

In the R. & R., Judge Purcell addressed Plaintiff's factual allegations and the applicable standards of review. Judge Purcell concluded that Plaintiff's claims, which present a challenge to an ongoing Oklahoma state-court criminal proceeding,[1] should be dismissed pursuant to the *Younger* abstention doctrine. *See* R. & R. at 2-6; *see also Weitzel v. Div. of Occupational & Pro. Licensing of Dep't of Com. of Utah*, 240 F.3d 871, 875 (10th Cir. 2001) (noting that, under *Younger*, "[a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies" (internal quotation marks omitted)).[2]

---

[1] *See State v. Phillips*, No. CF-2020-354 (Canadian Cnty. Dist. Ct.).

[2] "*Younger* abstention is jurisdictional," *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004), and "a court may raise the issue of abstention *sua sponte*." *D.A. Osguthorpe Fam. P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1231 (10th Cir. 2013).

## II.     Plaintiff's Objection

In his Objection, which the Court construes liberally due to Plaintiff's pro se status, Plaintiff does not specifically dispute any of Judge Purcell's findings or conclusions. Rather, Plaintiff asks that he be permitted to amend his Complaint to omit his request for injunctive relief and to seek only monetary relief on his claims. *See* Pl.'s Obj. at 2-3.

Plaintiff's Objection misunderstands the underlying rationale of Judge Purcell's recommendation. He is correct that "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (internal quotation marks omitted). Accordingly, any such request for release or dismissal of criminal charges would not be cognizable in this § 1983 lawsuit. But in considering dismissal under the *Younger* abstention doctrine, the key issue is whether "the requested relief would interfere with the state court's ability to conduct proceedings." *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002). Even assuming Plaintiff's Complaint was amended as per the Objection's request, "the *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L.*, 392 F.3d at 1228.

Here, Judge Purcell expressly found that the *Younger* factors were met, that no exception to that abstention doctrine applied, and that a determination in Plaintiff's favor on his federal claims "could likely result in substantial disruption of the ongoing state process." R. & R. at 6 (citing *Buck v. Myers*, 244 F. App'x 193, 198 (10th Cir. 2007)). Nothing in Plaintiff's Objection provides a basis to reject Judge Purcell's conclusion regarding abstention.

3

The Tenth Circuit has advised, however, that "[w]here the plaintiff in the federal suit seeks damage relief and the *Younger* factors are met, the district court should *stay* federal proceedings on the damage claims, not dismiss the action altogether." *Buck*, 244 F. App'x at 198; *accord D.L.*, 392 F.3d at 1228. The Court therefore "will stay this case and administratively close it until the state court criminal proceeding reaches a final conclusion." *Parks v. Jones*, No. CIV-18-892-D, 2019 WL 202205, at *3 (W.D. Okla. Jan. 15, 2019).

## CONCLUSION

Accordingly, the Court ADOPTS the Report and Recommendation issued April 28, 2020 (Doc. No. 7) as modified herein. This matter is STAYED pending the final conclusion of Plaintiff's state-court criminal proceeding. An appropriate administrative closing order shall be entered.

Plaintiff's Motion to Appoint Counsel (Doc. No. 8) is DENIED AS MOOT.

IT IS SO ORDERED this 15th day of December, 2021.

_____
CHARLES B. GOODWIN
United States District Judge